IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS DASH, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:10-cv-256-SJM |
| ) | |
| v. ) | |
| ) | |
| RONDA J. WINNECOUR, ) | |
| Standing Trustee, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

McLAUGHLIN, SEAN J., District J.,

Presently pending before the Court in the above-captioned matter is a motion by the Defendant Ronda J. Winnecour, the Chapter 13 Standing Trustee for the Western District of Pennsylvania, to dismiss the case for failure to state a cognizable legal claim or, alternatively, for lack of subject matter jurisdiction and/or improper venue. For the reasons that follow, the motion will be granted and the case will be dismissed.

## I.   BACKGROUND

Plaintiff Thomas Dash, a resident of Erie County, filed for protection under Chapter 13 of the Bankruptcy Code on May 13, 2005. Defendant Winnecour was appointed as the Chapter 13 Trustee. Upon successfully completing his Chapter 13 Plan, Dash received a discharge from the Bankruptcy Court on September 14, 2010. *See In re Thomas Michael Dash*, Case No. 05-11619-TPA (Bankr. W.D. Pa.), Order dated Sept. 14, 2010 [58].

On October 22, 2010, Dash commenced the instant action against Winnecour. The complaint alleges that, as part of his Chapter 13 plan, Dash was required to make

monthly payments to Winnecour so that Winnecour, in turn, could make monthly payments on Dash's behalf to PNC Bank and Washington Mutual Bank (later Chase Bank), his secured mortgage creditors.  (Complaint ¶ 4.)  Dash claims he learned in 2008 that the required payments were not being made on a monthly basis by Winnecour, resulting in his accounts being assessed additional late fees, per diems, and recomputed interest.  (*Id.* at ¶ 5.)  Dash further contends that his secured mortgage creditors have told him that the additional charges are his responsibility to pay, as the underlying mortgage and home equity loans are in his name.  (*Id.* at ¶ 7.)  According to the complaint, Dash "is looking for the defendant to take responsibility and pay all penalties, late fees, per diems and accrued interest that were the result of the payments not being made in accordance with the Chapter 13 plan." (*Id.* at ¶ 8.)

Winnecour has filed a motion to dismiss the complaint on the ground that the complaint fails to state a claim upon which relief can be granted and/or this Court lacks subject matter jurisdiction over the matter.  Dash was directed to respond to the motion on or before May 4, 2011.  Since then, he has filed a letter response [8] as well as various documents [9] and other supplemental material [10] which he believes support his claim against Winnecour.

## II.   STANDARD OF REVIEW

A. <u>Motion to Dismiss Under Rule 12(b)(6)</u>

Winncour contends that the complaint fails to state a claim upon which relief can be granted.  When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, we are required to accept as true all allegations in the complaint and reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant (Dash). *Pocono Mountain Charter School v. Pocono Mountain School Dist.,* No. 10-4478, 2011

WL 3737443 at *2 (3d Cir. Aug. 25, 2011) (slip copy) (*citing Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, —— U.S. ——, 129 S. Ct. 1937, 1949 (2009) (*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

B. Motion to Dismiss Under Rule 12(b)(1)

Winnecour also claims that the complaint, on its face, fails to establish a basis for federal subject matter jurisdiction. When evaluating a facial challenge to subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), "we review only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.'" *Common Cause of Pennsylvania v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir.2009) (*quoting Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir.2006)).

### III. DISCUSSION

Upon review of the pending motion and Dash's response thereto, this Court concludes the instant case should be dismissed inasmuch as Dash has asserted his claim in the wrong forum. Dash's claim against Winnecour is related to his Chapter 13 case which was commenced, and administered, in the Bankruptcy Court for the Western District of Pennsylvania pursuant to the District Court's standing Order of Reference dated October 16, 1984. The reference of Dash's case to the Bankruptcy Court has never been withdrawn by this Court, nor should it be now. Pursuant to 28 U.S.C. §157(d), a district court "may withdraw, in whole or in part, any case or

proceeding referred under this section … for cause shown." Relevant factors include "'the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process.'" *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir.1990) (quoting *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)).

No cause for withdrawal of the reference exists here based on the foregoing considerations and, in fact, present circumstances counsel against it. As Winnecour points out, the determination as to whether Winnecour properly performed her duties as Trustee in Dash's Chapter 13 case is made by the Bankruptcy Judge upon the filing of the Trustee's final account. In Dash's Chapter 13 case, Winnecour filed her final report and account on July 27, 2010, and the Bankruptcy Court approved it as part of its September 14, 2010 Order Discharging Debtor, which also discharged Winnecour from her duties as Trustee. See *In re Thomas Michael Dash, supra,* Document Nos. [52] and [58]. Were this Court to now entertain Dash's claim against Winnecour, which runs counter to the Bankruptcy Court's previous ruling, it would frustrate the aforementioned goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of resources, and expediting the bankruptcy process. Accordingly, there is no basis for withdrawing our prior reference to the Bankruptcy Court.[1]

---

[1] Nor does this case involve a challenge to a final judgment, order, or decree issued by the Bankruptcy Court over which we could exercise our appellate jurisdiction. See 28 U.S.C. § 158(a).

Instead, to the extent Dash's complaint asserts misconduct on the part of Winnecour in connection with her duties as the Chapter 13 Trustee, the claim should be directed to the Bankruptcy Court. This is especially true given the fact that Dash is asserting conduct on the part of his secured mortgage creditors which may potentially run counter to the Bankruptcy Court's Order of Discharge. Specifically, the Bankruptcy Court's September 14, 2010 Order states, in relevant part, that:

> … Each and every creditor is bound by the provisions of the completed plan, whether or not the claim of such creditor is provided for in the Plan, and whether or not such creditor has objected to, has accepted or had rejected the plan. All mortgage and other secured debts provided for by the Plan are hereby found to be cured of any and all monetary defaults as of the payment date for which the Trustee last made a distribution, *and no additional interest, late fees or penalties may be assessed for time periods or payments due prior to that date*.

*See In re Dash, supra*, Order of 9/14/10 [58] at ¶ 3 (emphasis added).

To the extent Dash is seeking indemnity from Winnecour relative to debts that may have been discharged in his Chapter 13 proceedings, this implicates the Bankruptcy Court's inherent power to ensure compliance with, and execution of, its lawful orders. *See In re Protarga, Inc.,* 329 B.R. 451, 479 (Bankr. D. Del. 2005) (bankruptcy court had the right and power to enforce the Plan's discharge and discharge injunction separate and apart from the plan and confirmation order) (citing *Thomas v. General Motors Corp.*, 522 U.S. 222, 236 (1998) and *In re Beck*, 283 B.R. 163, 166–67 (Bankr. E.D. Pa. 2002)). *See also In re Cont'l Airlines, Inc*., 236 B.R. 318, 325–26 (Bankr. D. Del.1999) ("It is axiomatic that a court possesses the inherent authority to enforce its own orders.") (citations omitted), *aff'd*, 279 F.3d 226 (3d Cir.2002); Fed. R. Bankr. P. 3020(d) ("Notwithstanding the entry of the order of

confirmation, the court may issue any other order necessary to administer the estate.");  11 U.S.C. §105(a) (providing that a bankruptcy court is authorized to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]" ).

In sum, then, the instant action is integrally related to Dash's prior Chapter 13 proceedings in the Bankruptcy Court.  The jurisdiction of the Bankruptcy Court extends to "core" proceedings (*i.e*, cases under title 11, proceedings arising under title 11, and proceedings arising in a case under title 11) as well as to non-core proceedings (*i.e,* matters "related to a case under title 11").  *In re Resorts Intern., Inc.*, 372 F.3d 154, 162 (3d Cir. 2004).  Accordingly, Dash's claims should be raised in the Bankruptcy Court, not in this Court.

## IV.   CONCLUSION

Based upon the foregoing reasons, the Defendant's motion to dismiss will be granted.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS DASH, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:10-cv-256-SJM |
| | ) |
| v. | ) |
| | ) |
| RONDA J. WINNECOUR, | ) |
| Standing Trustee, | ) |
| | ) |
| Defendant. | ) |

## **O R D E R**

AND NOW, to wit, this 2nd Day of December, 2011, for the reasons set forth in the accompanying Memorandum Opinion,

IT IS ORDERED that Defendant's Motion to Dismiss the complaint [6] shall be, and hereby is, GRANTED, and the above-captioned matter shall be marked "closed."

         s/    Sean J. McLaughlin

             Sean J. McLaughlin
             United States District Judge

c:    All parties of record.